**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY, | Civil Action No.: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA and THE TRAVELERS INDEMNITY COMPANY | |
| Defendants. | |

Plaintiff Southwest Marine and General Insurance Company ("Plaintiff" or "Southwest Marine"), by way of Complaint against Defendants Travelers Property and Casualty Company of America ("Travelers Property") and The Travelers Indemnity Company ("Travelers Indemnity") (collectively, "Defendants") states as follows.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C §1332(a) by reason of the diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000.00 exclusive of costs.

2.      At all times hereinafter mentioned, Plaintiff was, and still is, an insurance company organized under the laws of the State of Arizona, with its principal place of business located in Morris County, New Jersey.

3.      At all times hereinafter mentioned, Plaintiff was, and still is, duly authorized to conduct business within the State of New York.

1

4.    At all times hereinafter mentioned, Defendant Travelers Property was, and still is, an insurance company organized under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

5.    At all times hereinafter mentioned, Defendant Travelers Property was, and still is, duly authorized to conduct business within the State of New York.

6.    At all times hereinafter mentioned, Defendant Travelers Indemnity was, and still is, an insurance company organized under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

7.    At all times hereinafter mentioned, Defendant Travelers Indemnity was, and still is, duly authorized to conduct business within the State of New York.

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claim occurred in this District.

## SUBSTANTIVE ALLEGATIONS

9.    On or about July 5, 2023, Charlemagne Jean Louis ("Jean Louis") commenced a lawsuit against 204-210 Elizabeth Street LLC ("204-210 Elizabeth Street") and Hudson Meridian Construction Group ("Hudson Meridian"), entitled *Charlemagne Jean Louis v. 204-210 Elizabeth Street LLC and Hudson Meridian Construction Group*, Index No. 155930/2023, in Supreme Court of New York, County of New York (the "Underlying Action").

10.    In the Underlying Action, Jean Louis alleges that prior to September 17, 2021, 204-210 Elizabeth Street "entered into an agreement with Hudson Meridian Construction Group to perform work, labor and services" at 204 Elizabeth Street, New York, New York (the "Premises").

11.     The Underlying Action further alleges that Jean Louis' employer, Lippolis Electric, Inc. ("Lippolis") "was hired, and/or retained to perform renovation work, labor and/or services" at the Premises.

12.     The Underlying Action additionally alleges that on September 17, 2021, Jean Louis "was hired to work on the premises, building and/or structure located at the subject premises in his capacity as a laborer for Lippolis Electric." During the course of performing his work, "he was caused to have an accident and fall down a flight of stairs and was caused to sustain severe, serious and painful personal injuries[.]"

13.     Jean Louis asserts four causes of action in the Underlying Action against 204-210 Elizabeth Street and Hudson Meridian, sounding in negligence (Count One), violation of New York Labor Law Section 200 (Count Two), violation of New York Labor Law Section 240(1) (Count Three), and violation of New York Labor Law Section 241(6) (Count Four).

14.     Plaintiff Southwest Marine issued commercial general liability policy number GL202100013093 to Hudson Meridian Construction Group, LLC as the named insured, with effective dates of June 1, 2021 to June 1, 2022, and an Each Occurrence limit of $2,000,000.00 and a General Aggregate limit of $4,000,000.00 (the "Southwest Marine Policy").

15.     Plaintiff is defending Hudson Meridian and 204-210 Elizabeth Street in the Underlying Action pursuant to the Southwest Marine Policy.

16.     On or about April 18, 2024, 204-210 Elizabeth Street and Hudson Meridian filed a Third-Party Complaint against Lippolis for contractual defense and indemnification (Count One), breach of contract for failure to procure insurance coverage (Count Two), contractual defense and indemnification – third-party beneficiary (Count Three), common law indemnification (Count

Four), and common law contribution (Count Five) (the "Underlying Third-Party Action") relating to the claims alleged in the Underlying Action.

17.     On July 31, 2024, Jean Louis served his Verified Bill of Particulars in response to third-party defendant Lippolis' demands in the Underlying Action. Jean Louis stated that the September 17, 2021 accident "occurred while the plaintiff was lawfully and properly at said construction project, engaged in his occupation as aforesaid, when he was caused to have an accident and fall down a flight of stairs located at 204 Elizabeth Street, County of New York, State of New York."

18.     Jean Louis further alleges in his July 31, 2024 Verified Bill of Particulars that his employer Lippolis (and Defendants Travelers Property's and Travelers Indemnity's insured) was "careless and negligent in the operation, management, maintenance and control of the aforementioned premises and construction area thereat, at the time plaintiff was working thereat….thereby causing the plaintiff, Charlemagne Jean Louis to fall and/or be precipitated down a flight of stairs to the ground below causing said plaintiff to sustain serious personal injuries[.]"

19.     Jean Louis additionally alleges in his July 31, 2024 Verified Bill of Particulars that as a result of the September 17, 2021 accident he sustained the following alleged injuries: right ankle inversion; right ankle sprain/strain; bone bruise in the distal tibia of the talus; achilles tendinopathy; tear of the anterior talofibular ligament; impingement syndrome of right ankle; post traumatic chondral/damage of the talus and right ankle; adhesions and stiffness of right ankle; arthroscopic surgery of the right ankle, chondroplasty, debridement, major synovectomy (anterior, anteromedial and anterolateral), lysis of adhesions of ankle and interarticular injection of ankle; bone bruise in the distal tibia and talus of right ankle; significant limitation of motion of right ankle; 75% impairment of right ankle.

20.     Jean Louis further claims loss of earnings in the amount of approximately $180,000.00.

21.     On December 17, 2018, 204-210 Elizabeth Street, as the Owner, entered into a contract with Hudson Meridian, as Contractor, for the "Alteration and renovation of two existing structures which when complete will serve as a single commercial building (the 'Project') located at 204-206 Elizabeth Street and 208-210 Elizabeth Street, New York, New York."

22.     On or about August 26, 2019, Hudson Meridian, as Contractor, entered into a Subcontract with Lippolis, as Subcontractor, for the Project located at 204-210 Elizabeth Street, New York, New York.

23.     The Subcontract between Hudson Meridian and Lippolis set forth that "Contractor [Hudson Meridian] has been retained by 204-210 Elizabeth Street LLC (herein 'Owner') to perform work at 204-210 Elizabeth St (herein the 'Project')."

24.     The Subcontract between Hudson Meridian and Lippolis defined Lippolis' scope of work as Subcontractor to encompass, "all labor, material, taxes (Capital Improvement), equipment, trucking, hoisting, supervision, scaffolding, layout, clean-up, shop drawings, insurance, permits, etc. for the complete performance of all **Electrical and Fire Alarm Work** in its entirety as indicated on the Contract documents."

25.     The Subcontract between Hudson Meridian and Lippolis contains the following Indemnification provision:

> **§ 20.1** To the fullest extent permitted by law, Subcontractor will defend, indemnify and save Contractor and Owner their officers, directors, agents, representatives and employees harmless from and against any and all claims, liens, judgments, damages, losses and expenses, including reasonable attorneys' fees and legal costs, arising in whole or in part and in any manner from the act, failure to act, omission, negligence, breach or default by Subcontractor and/or its

officers, directors, agents, employees, sub-subcontractors and suppliers in connection with the performance of this Subcontract.

26.     The Subcontract between Hudson Meridian and Lippolis contains the following insurance provision:

> **§ 19.1** Subcontractor at its own expense shall purchase from and maintain in a company or companies lawfully authorized to do business in the jurisdiction in which the project is located such insurance as will protect Contractor, Subcontractor and Owner from claims and in the amounts set forth on Exhibit C which may arise out of or result from the Subcontractor's operations under this Subcontract, the performance of the work, or for which Subcontractor may be legally liable, whether such operations be by Subcontractor, its sub-subcontractors or by anyone directly or indirectly employed by any of them, or by anyone for whose acts any of them may be liable.

27.     Exhibit C to the Subcontract between Hudson Meridian and Lippolis, in relevant part, obligates Lippolis to "purchase and maintain, at its sole expense, the following insurance, that will protect it, the Contractor, Owner and the Additional Insureds listed below and each of their respective officers, directors, shareholders, members, partners, agents, employees, successors and assigns from claims which may arise out of or as a result of the Subcontractor's obligations under the Subcontract Agreement[.]" Specifically, Lippolis was required to obtain commercial general liability coverage ("CGL") with "minimum general liability limits of $1,000,000 per occurrence and $2,000,000 annual aggregate per project", and excess / umbrella liability coverage with "a minimum limit of liability of $10,000,000 per occurrence and annual aggregate[.]"

28.     Exhibit C to the Subcontract between Hudson Meridian and Lippolis further obligated Lippolis to cause Hudson Meridian Construction Group, LLC and 204-210 Elizabeth Street LLC to be named as additional insureds on all CGL and umbrella and excess liability policies on a primary and non-contributory basis and "not concurrent with any other valid and collectible insurance available to the Additional Insureds whether collectible or not[.]"

29.     Defendant Travelers Property issued Commercial General Liability Policy No. VT2NJ-CO-7R556458-TIL-20 to Lippolis Electric, Inc. as the Named Insured, for the coverage period December 1, 2020 to December 1, 2021 (the "Travelers Property CGL Policy").

30.     The Travelers Property CGL Policy provides commercial general liability coverage with limits of $2,000,000 each occurrence and $4,000,000 in the general aggregate.

31.     The Travelers Property CGL Policy contains the following insuring agreement:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

32.     The Travelers Property CGL Policy contains an **Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization** endorsement that lists Hudson

Meridian Construction Group LLC and 204-210 Elizabeth Street LLC as Additional Insureds for the following "Location of Covered Operations": 204-210 Elizabeth Street, NY, NY 10012.

33.     The Travelers Property CGL Policy's **Additional Insured – Owners, Lessees Or Contractors – Scheduled Person or Organization** endorsement (CG D3 61 03 05) provides in relevant part,

> A.  Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage", "personal injury" or "advertising injury" caused, in whole or in part by:
>
> 1.  Your acts or omissions; or
> 2.  The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the locations(s) designated above.

34.     The Travelers Property CGL Policy's **Other Insurance** provision states in relevant part:

> **d.  Primary And Non-Contributory Insurance If Required By Written Contract**
>
> If you specifically agree in a written contract or agreement that the insurance afforded to an insured under this Coverage Part must apply on a primary basis, or a primary and non-contributory basis, this insurance is primary to other insurance that is available to such insured which covers such insured as a named insured, and we will not share with that other insurance, provided that:
>
> (1) The "bodily injury" or "property damage" for which coverage is sought occurs; and
>
> (2) The "personal and advertising injury" for which coverage is sought is caused by an offense that is committed;
>
> subsequent to the signing of that contract or agreement by you.

35.     Defendant Travelers Indemnity issued Excess Follow-Form and Umbrella Liability Insurance Policy No. CUP-5R634224-20-25 to Lippolis Electric, Inc. as the Named Insured, for the coverage period December 1, 2020 to December 1, 2021 (the "Travelers Indemnity Excess and Umbrella Policy").

36.     The Travelers Indemnity Excess and Umbrella Policy provides excess follow-form and umbrella liability coverage with limits of $5,000,000 per occurrence and $5,000,000 general aggregate.

37.     The Travelers Indemnity Excess and Umbrella Policy's **Schedule of Underlying Insurance** lists the Travelers Property CGL Policy No. VT2NJCO-7R556458-20 as the underlying CGL policy with underlying limits of $2,000,000 per occurrence and $4,000,000 general aggregate.

38.     The Travelers Indemnity Excess and Umbrella Policy contains the following insuring agreement:

**SECTION I – COVERAGES**

**A. COVERAGE A – EXCESS FOLLOW-FORM LIABILITY**

1. We will pay on behalf of the insured those sums, in excess of the "applicable underlying limit", that the insured becomes legally obligated to pay as damages to which Coverage A of this insurance applies, provided that the "underlying insurance" would apply to such damages but for the exhaustion of its applicable limits of insurance. If a sublimit is specified in any "underlying insurance," Coverage **A** of this insurance applies to damages that are in excess of that sublimit only if such sublimit is shown for that "underlying insurance" in the Schedule of Underlying Insurance.

2. Coverage **A** of this insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the "underlying insurance", except with respect to any provisions to the contrary contained in this insurance.

3. The amount we will pay for damages is limited as described in **SECTION III – LIMITS OF INSURANCE**.

39.    The Travelers Indemnity Excess and Umbrella Policy defines insureds to mean in relevant part:

**SECTION II – WHO IS AN INSURED**

**A.  COVERAGE A – EXCESS FOLLOW-FORM LIABILITY**

With respect to Coverage **A**, the following persons and organizations qualify as insureds:

1. The Named Insured Shown in the Declarations; and

2. Any other person or organization qualifying as an insured in the "underlying insurance". If you have agreed to provide insurance for that person or organization in a written contract or agreement[.]

40.    The Travelers Indemnity Excess and Umbrella Policy's **Other Insurance** provision states in relevant part:

**M. Other Insurance**

This insurance is excess over any valid and collectible "other insurance" whether such "other insurance" is stated to be primary, contributing, excess, contingent or otherwise. This provision does not apply to a policy bought specifically to apply as excess of this insurance.

However, if you specifically agree in a written contract or agreement that the insurance provided to any person or organization that qualifies as an insured under this insurance must apply on a primary basis, or a primary and non-contributory basis, then insurance provided under Coverage **A** is subject to the following provisions:

1. This insurance will apply before any "other insurance" that is available to such additional insured which covers that person or organization as a named insured, and we will not share with that "other insurance", provided that the injury or damage for which coverage is sought is caused by an "event" that takes place or is

10

committed subsequent to the signing of that contract or agreement by you.

2. This insurance is still excess over any valid and collectible "other insurance", whether primary, excess, contingent or otherwise, which covers that person or organization as an additional insured or as any other insured that does not qualify as a named insured.

41. Hudson Meridian and 204-210 Elizabeth Street qualify as additional insureds under the Travelers Property CGL Policy's **Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization** endorsement, which expressly lists Hudson Meridian Construction Group LLC and 204-210 Elizabeth Street LLC as Additional Insureds for the following "Location of Covered Operations": 204-210 Elizabeth Street, NY, NY 10012, but only for liability arising out of or caused, in whole or in part, by operations performed by Lippolis or on Lippolis' behalf.

42. None of the exceptions or exclusions to the Travelers Property CGL Policy apply to Hudson Meridian or 204-210 Elizabeth Street.

43. Hudson Meridian and 204-210 Elizabeth Street qualify as additional insureds under the Travelers Indemnity Excess and Umbrella Policy by virtue of their additional insured status in the "underlying insurance" (i.e. the Travelers Property CGL Policy) and Lippolis having agreed to provide insurance for Hudson Meridian and 204-210 Elizabeth Street by written contact (i.e. the Subcontract with Hudson Meridian for the Project at 204-210 Elizabeth Street, New York, New York).

44. None of the exceptions or exclusions to the Travelers Indemnity Excess and Umbrella Policy apply to Hudson Meridian or 204-210 Elizabeth Street.

45. Defense counsel for Hudson Meridian and 204-210 Elizabeth Street tendered the defense and indemnification of Hudson Meridian and 204-210 Elizabeth Street for the claims

asserted against them in the Underlying Action to Lippolis on August 17, 2023 (with instructions for Lippolis to immediately forward the tender demand to its insurance carrier).

46.     On December 12, 2023, a claims professional with The Travelers Indemnity Company denied the August 17, 2023 tender of Hudson Meridian and 204-210 Elizabeth Street.

47.     The Travelers claims professional denied the tender claim of Hudson Meridian and 204-210 Elizabeth Street under the Travelers Property CGL Policy issued to Lippolis, but took no coverage position as to any excess or umbrella policy issued to Lippolis, including the Travelers Indemnity Excess and Umbrella Policy.

48.     Upon information and belief, Defendants Travelers Property and Travelers Indemnity have been defending Lippolis as a third-party defendant in the Underlying Action.

49.     Upon information and belief, defense counsel was retained by Defendants Travelers Property and Travelers Indemnity to defend Lippolis in the Underlying Action.

50.     Upon information and belief, Defendants Travelers Property and Travelers Indemnity have and had access to all discovery conducted in the Underlying Action.

51.     As a result of Defendants' breach of their duty to defend, Plaintiff has been forced to provide a defense to Hudson Meridian and 204-210 Elizabeth Street in the Underlying Action.

52.     Through April 15, 2026, Plaintiff expended $29,307.30 in defending Hudson Meridian and 204-210 Elizabeth Street in the Underlying Action.

53.     Defendants have refused to accept the tender of the defense, to reimburse Plaintiff for the amount expended in defending Hudson Meridian and 204-210 Elizabeth Street, to agree to cover Hudson Meridian and 204-210 Elizabeth Street on a primary and non-contributory basis, and to indemnify Hudson Meridian and 204-210 Elizabeth Street for any settlement or judgment entered against them in the Underlying Action.

**FIRST COUNT**

1.      Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 53 of the Complaint as if more fully set forth herein.

2.      Hudson Meridian and 204-210 Elizabeth Street are additional insureds under the Travelers Property CGL Policy for the claims alleged in the Underlying Action.

3.      Defendant Travelers Property owes Hudson Meridian and 204-210 Elizabeth Street a duty to defend and to indemnify for the claims alleged against them in the Underlying Action.

4.      Although duly demanded, Defendant Travelers Property has failed and refused to provide a primary defense and indemnification to Hudson Meridian and 204-210 Elizabeth Street for the claims alleged against them in the Underlying Action.

5.      Plaintiff seeks a determination of its rights with regard to the Travelers Property CGL Policy, including a declaratory judgment that Defendant Travelers Property was and is required to defend and indemnify Hudson Meridian and 204-210 Elizabeth Street for the claims alleged against them in the Underlying Action; that such coverage applies on a primary basis and non-contributory basis; and that Defendant Travelers Property is obligated to reimburse Plaintiff for the costs and fees incurred by Plaintiff in defending the Underlying Action.

6.      An actual and justiciable controversy exists between Plaintiff and Defendant Travelers Property regarding coverage under the Travelers Property CGL Policy, to which Plaintiff has no adequate remedy at law.

**SECOND COUNT**

1.      Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 53 and the First Count of the Complaint as if more fully set forth herein.

13

2.      As a result of Defendant Travelers Property's failure to acknowledge that it owes a primary duty to defend Hudson Meridian and 204-210 Elizabeth Street under the Travelers Property CGL Policy, Plaintiff has incurred substantial fees and costs in the defense of the Underlying Action.

3.      To date, Plaintiff has expended $29,307.30 in defense costs and fees in the Underlying Action. The defense fees and costs continue to increase as the Underlying Action continues to be litigated.

4.      Although duly requested, Defendant Travelers Property has failed and refused to acknowledge its primary defense and coverage obligations and to reimburse Plaintiff for the fees and costs incurred in defending the Underlying Action.

5.      As a result of the foregoing, Plaintiff is entitled to a money judgment against Defendant Travelers Property in an amount equal to what Plaintiff has incurred and will in the future incur in defense fees and costs, in an amount to be determined by the Court, plus interest.

**THIRD COUNT**

1.      Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 53 and the First and Second Counts of the Complaint as if more fully set forth herein.

2.      Hudson Meridian and 204-210 Elizabeth Street are additional insureds under the Travelers Indemnity Excess and Umbrella Policy for the claims alleged in the Underlying Action.

3.      Defendant Travelers Indemnity owes Hudson Meridian and 204-210 Elizabeth Street a duty to defend and to indemnify for the claims alleged against them in the Underlying Action.

4.      Although duly demanded, Defendant Travelers Indemnity has failed and refused to provide a primary defense and indemnification to Hudson Meridian and 204-210 Elizabeth Street for the claims alleged against them in the Underlying Action.

5.      Plaintiff seeks a determination of its rights with regard to the Travelers Indemnity Excess and Umbrella Policy, including a declaratory judgment that Defendant Travelers Indemnity was and is required to defend and indemnify Hudson Meridian and 204-210 Elizabeth Street for the claims alleged against them in the Underlying Action; that such coverage applies on a primary basis and non-contributory basis; and that Defendant Travelers Indemnity is obligated to reimburse Plaintiff for the costs and fees incurred by Plaintiff in defending the Underlying Action.

6.      An actual and justiciable controversy exists between Plaintiff and Defendant Travelers Indemnity regarding coverage under the Travelers Indemnity Excess and Umbrella Policy, to which Plaintiff has no adequate remedy at law.

## FOURTH COUNT

1.      Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 53 and the First, Second, and Third Counts of the Complaint as if more fully set forth herein.

2.      As a result of Defendant Travelers Indemnity's failure to acknowledge that it owes a primary duty to defend Hudson Meridian and 204-210 Elizabeth Street under the Travelers Indemnity Excess and Umbrella Policy, Plaintiff has incurred substantial fees and costs in the defense of the Underlying Action.

3.      To date, Plaintiff has expended $29,307.30 in defense costs and fees in the Underlying Action. The defense fees and costs continue to increase as the Underlying Action continues to be litigated.

4.      Although duly requested, Defendant Travelers Indemnity has failed and refused to acknowledge its primary defense and coverage obligations and to reimburse Plaintiff for the fees and costs incurred in defending the Underlying Action.

5.      As a result of the foregoing, Plaintiff is entitled to a money judgment against Defendant Travelers Indemnity in an amount equal to what Plaintiff has incurred and will in the future incur in defense fees and costs, in an amount to be determined by the Court, plus interest.

**WHEREFORE,** Plaintiff demands judgment as follows:

A.      On the First Count, a declaratory judgment determining the rights of Plaintiff and Defendant Travelers Property with respect to their liability insurance coverage obligations in the Underlying Action, including a declaratory judgement that Defendant Travelers Property is required to defend and indemnify Hudson Meridian and 204-210 Elizabeth Street in the Underlying Action under the Travelers Property CGL Policy, and that such coverage applies on a primary and non-contributory basis before coverage under the Southwest Marine Policy;

B.      On the Second Count, a money judgment in favor of Plaintiff and against Defendant Travelers Property in an amount to be determined by the Court, plus interest;

C.      On the Third Count, a declaratory judgment determining the rights of Plaintiff and Defendant Travelers Indemnity with respect to their liability insurance coverage obligations in the Underlying Action, including a declaratory judgment that Defendant Travelers Indemnity is required to defend and indemnify Hudson Meridian and 204-210 Elizabeth Street in the Underlying Action under the Travelers Indemnity Excess and Umbrella Policy, and that such coverage applies on a primary and non-contributory basis before coverage under the Southwest Marine Policy;

16

D.     On the Fourth Count, a money judgment in favor of Plaintiff and against Defendant

Travelers Indemnity in an amount to be determined by the Court, plus interest; and

E.     Granting Plaintiff attorneys' fees, costs and disbursements in this action, together

with such other and further relief as this Court deems equitable and just.

Dated: New Providence, New Jersey
      May 1, 2026                      LINDABURY, McCORMICK,
                                  ESTABROOK &  COOPER, P.C
                                  Attorneys for Plaintiff
                                  Southwest Marine and General Insurance Company
                                  430 Mountain Avenue, Suite 300
                                  New Providence, New Jersey 07974
                                  (908) 233-6800

                                By:_____
                                      Jay Lavroff, Esq.